## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| BENJAMIN SUBER and LAUREN SUBER, | ) ) ) C.A. No. _____ |
| Plaintiffs, | ) ) ) |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

Plaintiffs, Benjamin and Lauren Suber ("Plaintiffs"), for their Complaint against Defendant, United States of America, demand a trial on all issues and aver as follows:

### INTRODUCTION

1. This is an action against the United States of America under the Federal Tort Claims Act ("FTCA"), (28 U.S.C. § 2671, *et seq*.) and 28 U.S.C. § 1346(b)(1) for negligence in connection with an auto accident involving Plaintiff Benjamin Suber and Charles E. Drummer ("Drummer"), an agent or employee of the United States Postal Service ("Postal Service") and Defendant United States of America.

2. The claims herein are brought against Defendant United States of America pursuant to the Federal Tort Claims Act, (28 U.S.C. § 2671, *et seq*.) and 28 U.S.C. § 1346(b)(1) for money damages as compensation property damage and personal injuries caused by the negligence of Defendant.

3. Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the FTCA. *Standard Form 95 attached as Exhibit 1.*

4. The suit has been timely filed, in that Plaintiffs have timely served notice of their claim on the Postal Service less than two years after the incident forming the basis of this suit.

5. Plaintiffs now file this Complaint pursuant to 28 U.S.C. § 2401(b) after receiving the Postal Service's January 12, 2022, notice of denial of administrative claim. *Administrative Tort Claim Denial Letter attached as Exhibit 2.*

## PARTIES, JURISDICTION AND VENUE

6. Plaintiffs are, and at all times relevant hereto were residents of Delaware.

7. Defendant United States of America is sued for Plaintiffs' property damage and personal injuries caused by the negligent or wrongful acts or omissions of its agent or employee, Drummer. Drummer was acting "within the scope of his office or employment under circumstances" where the United States, if a private person, would be liable to Plaintiffs in accordance with the laws of the State of Delaware.

8. Jurisdiction is proper under 28 U.S.C. § 1346(b)(l).

9. Venue is proper under 28 U.S.C. § 1402(b) in that all, or a substantial part, of the acts and omissions forming the basis of these claims occurred in Delaware.

## FACTS

10. On or about November 28, 2018, Plaintiff Benjamin Suber was operating a vehicle traveling east bound on Old Baltimore Pike, approaching Walther Road near Newark, Delaware. Charles E. Drummer was operating a postal service vehicle ahead of Plaintiff, and stopped in the right turn lane while placing mail in a mail box. Drummer pulled out of the turn lane and into the path of Plaintiff's vehicle. Plaintiff was unable to avoid Drummer's vehicle and collided with its left rear side (the "Collision").

11. After the Collision, Corporal McKenna arrived to conduct an investigation. Drummer advised he looked in his mirror when he stopped to deliver mail and saw that Plaintiff's vehicle was a "good distance" away. He also stated that when he went to pull out of the right turn lane and into the straight lane, both vehicles collided. Drummer was cited for Improper Lane Change, a violation of 21 *Del. C.* § 4122, to which he subsequently pled guilty on December 4, 2018.

12. At all times pertinent, Drummer was an agent or employee of Defendant United States.

13. As a result of the Collision, Plaintiff Benjamin Suber was seriously injured. As a further result of the Collision, Plaintiff Benjamin Suber's vehicle was damaged.

**CLAIM FOR RELIEF: NEGLIGENCE**

14. The aforesaid motor vehicle collision and consequent injuries to Plaintiff Benjamin Suber were proximately caused by the negligence of Defendant, in that Drummer, an agent or employee of Defendant United States:

   a. Failed to stay within a lane until movement from such lane could be made with safety in violation of 21 *Del. C.* § 4122(1);

   b. Caused a vehicle to move when such movement could not be made with reasonable safety, in violation of 21 *Del. C.* § 4154;

   c. Failed to control speed as may be necessary to avoid colliding with any vehicle on the highway, in violation of 21 *Del. C.* § 4168;

   d. Operated a vehicle in a careless or imprudent manner, without due regard for the road, weather, and traffic conditions then existing, in violation of 21 *Del. C.* § 4176(a);

  e. Failed to give full time and attention to the operation of a vehicle, or failed to maintain a proper lookout, in violation of 21 *Del. C.* § 4176(b); and

  f. Otherwise failed to comply with the common law duties of care, control, and lookout while operating a motor vehicle.

15. As a result of the aforesaid negligence of Defendant, Plaintiff suffered property damage, bodily injuries, mental anguish and emotional distress, incurred lost wages and may in the future suffer loss of income, and incurred special damages.

16. As a further direct and proximate result of Defendant's negligence, Plaintiff Lauren Suber, the lawful spouse of Benjamin Suber, suffered loss of consortium.

WHEREFORE, Plaintiffs demand judgment against Defendant for compensatory damages, plus pre and post judgment interest, allowable attorneys' fees, and the costs of this suit.

THE FREIBOTT LAW FIRM, P.A.

/s/ Frederick S. Freibott
Frederick S. Freibott (Del. Bar #2740)
Dennis A. Mason II  (Del. Bar #4644)
1711 East Newport Pike
P.O. Box 6168
Wilmington, DE 19804
302-633-9000
Attorneys for Plaintiffs